IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PATRICIA McCAULEY | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| GREEN BULL, INC. | : | NO. 2:08-cv-00789-LDD |

ORDER

AND NOW, this 15th day of October 2009, upon consideration of Defendant's Motion for Summary Judgment (Doc. No. 22), Plaintiff's Response in Opposition thereto (Doc. No. 23), and Defendant's Reply in further Support thereof (Doc. No. 24), it is hereby ORDERED that Defendant's Motion is GRANTED.

I.   FACTUAL BACKGROUND & PROCEDURAL HISTORY

Plaintiff Patricia McCauley commenced this action to recover damages for injuries she suffered after falling from a ladder. The ladder—a four-foot, metal A-frame type ladder—was manufactured by Defendant Green Bull, Inc. Plaintiff purchased the ladder about two years prior to the accident. In the two-year period before the accident, Plaintiff used the ladder about ten to fifteen times. On January 20, 2006, Plaintiff was using the ladder to replace a smoke alarm. When she was stepping down from the ladder and standing on the lowest step, the step failed and deformed under Plaintiff's weight. Plaintiff lost her balance and fell from the ladder. According to a label on the ladder, the ladder could support a 300-pound load. Plaintiff weighed less than 200 pounds at the time of the accident. In her Complaint, Plaintiff sets forth causes of action for strict liability, negligence, and breach of the warranties of merchantability and fitness for a particular purpose. Each of Plaintiff's claims is based on the theory that Defendant "built,

designed, assembled, manufactured[,] and sold the ladder . . . in a defective condition." (Compl. ¶¶ 6, 14, 17, 26.)

To support her claims, Plaintiff submitted an expert report prepared by John E. Tesoriero of Tesco Engineering, Inc.  Tesoriero reviewed Plaintiff's Complaint and deposition, observed the ladder, and reviewed the American National Standard for Ladders—Portable Metal—Safety Requirements ("ANSI").  Tesoriero noted that Plaintiff was purported by her attorney to weigh less than 200 pounds at the time of the accident.  (Tesoriero Expert Report 2.)  He also noted that a label on the ladder set forth a capacity to support 300 pounds.  (Id. at 2.)  He stated that ANSI sets forth the nationally recognized standard of care for the manufacture and design of portable metal ladders, and that a ladder compliant with this standard would safely support a 300-pound load.[1]  (Id. at 4.)  He described the lowest step of the ladder as "severely and permanently deformed in the middle," and he observed a "crack in the front face riser of the lowest aluminum step."  (Id. at 2.)  He concluded that, because the lowest step on the ladder "structurally failed and deformed" under Plaintiff's weight, the ladder had a manufacturing or design defect.  (Id. at 5; see also id. at 4 ("As evidenced by the accident event and the photographed permanent deformation of the accident related step; the subject accident related stepladder failed to meet the

---

[1] It is not entirely clear that Tesoriero ever actually sets forth the ANSI standard.  In the section of his expert report discussing the ANSI standard, he begins by observing that ANSI is the "nationally recognized standard of care governing the 'safe construction, design, testing, care[,] and use of portable metal ladders of various types.'"  (Tesoriero Expert Report 4.)  He then notes that the purpose "'of this standard is to provide reasonable safety for life, limb[,] and property.'"  (Id.)  He continues by stating that the standard is "intended 'to provide the manufacturer, purchaser, and user of metal ladders with a set of performance and dimensional requirements against which this product may be compared.'"  (Id.)  He then gives definitions of portable ladders and stepladders.  (Id.)  He closes by observing that the ladder at issue was "labeled to be . . . 300 lbs[.] extra heavy duty rating meeting ANSI Standards and OSHA requirements" and concluding that the "ANSI compliant labeling required the subject accident related stepladder to be able to safely support a 300 lbs. loading on the subject step."  (Id.)

labeled capacity rating as required by the applicable ANSI standard.").) Defendant now moves for summary judgment.

II.   LEGAL STANDARD

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "An issue is genuine only if there is a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party, and a factual dispute is material only if it might affect the outcome of the suit under governing law." Kaucher v. County of Bucks, 455 F.3d 418, 423 (3d Cir. 2006) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). In evaluating a motion for summary judgment, "the court must neither resolve factual disputes nor make judgments of credibility; instead, all '[i]nferences should be drawn in the light most favorable to the non-moving party.'" Peloro v. United States, 488 F.3d 163, 173 (3d Cir. 2007) (quoting Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1362 (3d Cir. 1992)).

III.   DISCUSSION

In its Motion for Summary Judgment, Defendant argues that Plaintiff's expert report is insufficient and that Plaintiff therefore fails to establish a defect in the design or manufacture of the ladder. According to Plaintiff, although Tesoriero's expert report is not based on "scientific evidence testing" or "complicated methodology," it nonetheless establishes genuine issues of material fact with regard to the manufacture and design of the ladder because Tesoriero opines as to the ladder's "inability to properly weight bear." (Pl.'s Mem. Opp'n Summ. J. 4.) More specifically, according to Plaintiff, Tesoriero's report sufficiently sets forth a defect because Tesoriero states that the ladder failed under Plaintiff's weight: because Plaintiff weighed less

3

than 300 pounds, the ladder did not bear the weight it "was purported to be capable of bearing" and failed to meet the guidelines established by the American National Standard for Ladders. (Id. at 5.)  Plaintiff also cites Tesoriero's opinion that the lowest step of the ladder had a "severe and permanent deformation."  (Id.)

Even assuming that Tesoriero's opinions qualify as expert testimony under the Federal Rules of Evidence, Plaintiff's claims still fail as a matter of law.  The threshold inquiry in any product liability action is whether there is a defect in the product at issue.  Pullins v. Stihl, Inc., No. 03-5343, 2006 WL 1390586, at *5 (E.D. Pa. May 19, 2006) (citing Riley v. Warren Mfg., Inc., 688 A.2d 221, 224 (Pa. Super. Ct. 1997)).  "This is true whether the plaintiff is suing in negligence, strict liability[,] or breach of warranty."  Id. (citing McKenna v. E.I. Du Pont, No. 87-2233, 1988 WL 71271, at *2 (E.D. Pa. Jun. 30, 1988)).  Here, rather than point to direct evidence of a specific defect in the ladder, Plaintiff suggests that a jury could infer that the ladder was defective because it deformed under Plaintiff's weight.  Although not articulated as such, it appears that Plaintiff is attempting to rely on the "malfunction theory" of product liability, which allows a plaintiff to "prove a defect in a product with evidence of the occurrence of a malfunction and with evidence eliminating abnormal use or reasonable, secondary causes for the malfunction."  Barnish v. KWI Bldg. Co., Nos. 15-2008, 16-2008, 17-2008, 18-2008, 19-2008, 2009 WL 3161492, at *2-3 (Pa. Oct. 2, 2009) (citing Rogers v. Johnson & Johnson Prods., Inc., 565 A.2d 751, 754 (Pa. 1989)).

In order to proceed under this theory, a plaintiff must establish the occurrence of a malfunction and eliminate abnormal use or reasonable, secondary causes.  Id. at *3.  A plaintiff must also establish that the product was defective when it left Defendant's control.  Id. at *8.  "[T]he mere fact that an accident happens . . . does not take the injured plaintiff to the jury."

Woodin v. J.C. Penney Co., Inc., 629 A.2d 974, 976 (Pa. Super. Ct. 1993) (citation omitted). Thus, a plaintiff cannot rely on "mere conjecture and guesswork." Barnish, 2009 WL 3161492, at *4 (citing Dansak v. Cameron Coca-Cola Bottling Co., Inc., 703 A.2d 489, 496 (Pa. Super. Ct. 1997)). The malfunction theory merely "permits a plaintiff to prove a defect through circumstantial evidence." Rogers, 565 A.2d at 486. Examples of circumstantial evidence that could support a plaintiff's case include the following:

> (1) the malfunction of the product; (2) expert testimony as to a variety of *possible* causes; (3) the timing of the malfunction in relation to when the plaintiff first obtained the product; (4) similar accidents involving the same product; (5) elimination of other possible causes of the accident; and (6) proof tending to establish that the accident does not occur absent a manufacturing defect.

Id. (quoting Dansak, 703 A.2d at 496). Moreover, "to survive summary judgment, a plaintiff who admits that the product functioned properly in the past must present some evidence explaining how the product could be defective when it left the manufacturer[']s control and yet still function properly for a period of time." Barnish, 2009 WL 3161492, at *8 (upholding grant of summary judgment in favor of defendant where plaintiff failed to present such evidence).

      Plaintiff has not established the elements of the malfunction theory. Even assuming that the accident happened as described by Plaintiff and that the ladder deformed and failed under Plaintiff's weight, we cannot send Plaintiff's case to a jury. Plaintiff has adduced no evidence eliminating other reasonable causes of the ladder's malfunction. Rather, her assertion of defect rests solely on the failure of the ladder. As stated above, the occurrence of an accident alone is insufficient. Furthermore, Plaintiff testified that she had owned the ladder for about two years before the accident and used the ladder about ten to fifteen times without incident, but she has adduced no evidence to explain how the ladder could have been defective when it left

Defendant's control yet functioned properly while she used it ten to fifteen times over a two-year period. Because Plaintiff rests exlusively on the occurrence of the accident, she has failed to establish a defect in the ladder. Accordingly, Plaintiff's claims for strict liability, breach of warranty, and negligence fail as a matter of law.

IV.     CONCLUSION

For the reasons set forth above, it is hereby ORDERED that Defendant's Motion for Summary Judgment (Doc. No. 22) is GRANTED.


                                                BY THE COURT:


                                                /s/Legrome D. Davis
                                                U.S. District Court Judge